26470.00D6AW     ses/mm

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
MAY 20 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NATIVE AMERICAN ARTS, INC.,     )
       )
    Plaintiff,     )
       )    No. 04C 0277
    v.     )    Judge Hibbler    **DOCKETED**
       )
JEWEL FOOD STORES, INC. a/k/a JEWEL-OSCO )     MAY 21 2004
and E. DAVIS INTERNATIONAL, INC.     )
       )
    Defendants.     )

### DEFENDANT CAR-FRESHNER CORPORATION'S
### ANSWER AND AFFIRMATIVE DEFENSES to PLAINTIFF's AMENDED COMPLAINT

Defendant, Car-Freshner Corporation, d/b/a E. Davis International, (hereinafter "CFC") by and through its attorneys, answers Plaintiff's Amended Complaint as follows:

### COUNT II

60.   Plaintiff hereby incorporates in full all of the allegations of the Complaint filed herein on January 14, 2004 by this reference.

**ANSWER:**   CFC repeats and realleges its answers, filed April 19, 2004, to all of the allegations of the Complaint referenced in Paragraph 60, above, as if fully set forth herein.

61.   At all times relevant hereto since January 2001 and continuing thereafter until the present, Defendant Davis directly and indirectly offered, displayed for sale and sold, including to Clark Gas stations and to consumers through Clark Gas Stations and to and through other retailers, multiple quantities of various goods in a manner that falsely suggests they are Indian produced, an Indian product, or the product of a particular Indian or particular Indian tribe or Indian arts and crafts organization resident within the United States, including Indian products, including products consisting of artworks and crafts in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. § 305 et. seq. 305 e, and the regulations promulgated thereunder including, but not limited to, all of the Indian warbonnet and Indian headdress products alleged herein.



**ANSWER:** CFC denies the allegations contained in paragraph 61 of the Complaint.

62. On May 21, 2001, and continuously thereafter until the present, Defendant Davis offered, advertised, marketed and displayed for sale and sold goods to and through Clark Gas Station at Route 59 and I-55 in Naperville, Illinois in a manner that falsely suggested they are an Indian product, Indian produced or the product of an Indian arts and crafts organization resident within the United States, including Indian products, including products consisting of artworks and crafts in a traditional Indian style or medium, including:

(a) Indian products, consisting of an Indian warbonnet and Indian headdress n a traditional Indian style, composed of an Indian style motif and design, and which product is labeled and which label makes reference to "Indian" and incorporates Indian symbols, images, and designs including arrowheads and feathers and contains a picture of an Indian. A picture of said product is attached hereto as Exhibit **FF**, which is now in the possession of Native American Arts and will be produced upon request.

(b) Indian products, consisting of an Indian warbonnet and Indian headdress in a traditional Indian style, composed of an Indian style motif and design and incorporates Indian symbols, images, and designs including arrowheads and feathers and contains a picture of an Indian. A picture of said product is attached hereto as Exhibit **GG**, which is now in the possession of Native American Arts and will be produced upon request.

(c) Other traditional Indian style or design arts and crafts in a traditional style or medium including Indian style dreamcatchers, Indian warbonnets, Indian headdresses and other Indian style products.

**ANSWER:** CFC denies that Exhibits FF and GG are artwork, denies that they are craft items, denies that they are Indian warbonnets or Indian headdresses in a traditional Indian style, and denies that they are composed of an Indian style motif and design. CFC admits that Exhibits FF and GG depict air fresheners, and that the product packaging of Exhibit FF bears the federally registered trademarks JUST GREAT, INDIAN SPIRIT and Indian head design, and that the product packaging of Exhibit GG bears the federally registered trademarks JUST GREAT and Indian head design. Except as expressly admitted herein, CFC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint, including subparagraphs, and therefore denies same.

63. On information and belief, Clark Gas Stations also advertised, offered, displayed and sold identical products supplied by E. Davis alleged herein which are falsely suggested to be Indian-made at all of its other stores other than the store at Route 59 and I-55 specifically alleged herein, in the Northern District of Illinois at all times relevant hereto since January 2001 and to the present.

**ANSWER:** CFC denies that any of its products are falsely suggested to be Indian-made. CFC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Amended Complaint, and therefore denies same.

64. On information and belief, between January 2001, through December, 2003, and possibly continuing thereafter until approximately the present, Defendant E. Davis advertised, offered, displayed and sold goods to and through Clark Gas Stations in a manner that falsely suggested they are an Indian product, Indian produced or the product of an Indian arts and crafts organization resident within the United States, including Indian products, including products consisting of artworks and crafts in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. § 305 et. seq. 305e, and the regulations promulgated thereunder. Native American Arts believes discovery will establish such offers, displays and sales during this period.

**ANSWER**: CFC denies the allegations contained in Paragraph 64 of the Amended Complaint.

65. At all times relevant hereto, the Indian warbonnet and Indian headdress products alleged herein were offered and displayed with display card which makes reference to Native American lore including lore of the warbonnet and headdress and contains Indian symbols, images and designs.

**ANSWER:** CFC denies the allegations contained in Paragraph 65 of the Amended Complaint.

66. The products alleged herein are traditional Indian products embodying traditional Indian styles, motifs and designs, traditionally made by Native Americans, and were falsely suggested to be Indian-made Indian products and these products were advertised, marketed, and sold as such, including advertising and marketing these products with other Indian style products expressly represented to be Indian products, or Indian-made, or Native American made.

**ANSWER**: CFC denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     For substantial periods of time since January 2001, and continuously thereafter until approximately the present, Defendants advertised, offered and displayed for sale and sold goods in a manner that falsely suggested they are an Indian product, Indian produced or the product of an Indian arts and crafts organization resident within the United States, including Indian products, including products consisting of artworks and crafts in a traditional Indian style or medium.

**ANSWER**:    CFC denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Any unqualified use of the term "Native American" or "Indian" or the name of an Indian tribe indicates that the product is Indian made and an Indian product under the statute and under regulations issued pursuant to the IACA.

**ANSWER:**    CFC denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Regulation 25 CFR Section 309.24 provides that the unqualified use of the term "Indian" or "Native American" or a named Indian tribe, in connection with a product regardless of where produced and regardless of country of origin marking means it is an Indian product and the maker is an Indian of a tribe resident within the United States for purposes of the IACA.

**ANSWER:**    CFC admits the existence of the statute, but denies that it has any applicability to this lawsuit and denies that it provides any remedy to Plaintiff.

70.     A substantial portion of the products allegedly offered and displayed for sale by Defendants did contain advertising and marketing materials related to or on the Exhibits herein using unqualified term "Indian."

**ANSWER**:    CFC denies the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Native American Arts has been injured and damaged as a result of Defendants' actions alleged herein. Native American Arts is a competitor of Defendants and has suffered competitive injuries as a result of Defendants' actions alleged herein, as well as other damages. Native American Arts advertises, markets and sells authentic Indian-made products similar to those products advertised, offered, displayed and sold by Defendants falsely suggested to be Indian products, including but not limited to arts and crafts in a traditional Indian style or medium including dreamcatchers, warbonnets, headdresses and other Indian products.

4

**ANSWER:** CFC denies the allegations contained in Paragraph 71 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Plaintiff Lacks Standing

72. 25 CFR § 309.2(c) defines an "Indian Arts and Crafts Organization" as a "legally established arts and crafts marketing organization composed of members of Indian tribes."

73. Plaintiff does not have standing to bring suit under 25 U.S.C. § 305(e) because, among other reasons, Plaintiff does not market Indian-made arts and crafts.

### Second Affirmative Defense: Violation of Procedural Due Process

74. The Indian Arts and Crafts Act fails to provide a standard for awarding punitive damages, attorney fees, or costs.

75. The Indian Arts and Crafts Act fails to provide a standard for calculating damages.

76. The Indian Arts and Crafts Act and its accompanying regulations fail to define key terms, including but not limited to "falsely suggests" and "unqualified," which are grounds for liability.

77. Therefore, for these and other reasons, the Indian Arts and Crafts Act is unconstitutionally vague and a violation of procedural due process under the U.S. Constitution.

### Third Affirmative Defense: Violation of Substantive Due Process

78. The damages provisions of the Indian Arts and Crafts Act provide for non-discretionary, ever-mounting, potentially infinite penalties, without consideration of the nature of the conduct in question or of the circumstances surrounding violations of the Act.

5

79. The Indian Arts and Crafts Act, as asserted by Plaintiff, would arbitrarily deprive, without compensation, owners of federally registered and incontestable trademarks of their reasonable investment-backed expectations.

80. Therefore, for these and other reasons, the Indian Arts and Crafts Act permits grossly excessive damage awards and takes property without providing for substantive due process as is required pursuant to the U.S. Constitution.

## Fourth Affirmative Defense: Violation of Right to Freedom of Speech

81. The Indian Arts and Crafts Act and its accompanying regulations—including but not limited to 25 C.F.R. § 309.24, which was previously numbered 25 C.F.R. § 309.3—restrict speech based on its content. Content-based restrictions on speech are presumed unconstitutional and subject to strict scrutiny.

82. The Indian Arts and Crafts Act and its accompanying regulations are not narrowly tailored to advance a compelling government interest and, thereby, unconstitutionally restrict rights to freedoms of speech and expression guaranteed by the First Amendment to the United States Constitution. Alternatively, should the speech at issue be deemed commercial, the Indian Arts and Crafts Act and its accompanying regulations are not reasonably calculated to directly advance a substantial government interest and, thereby, unconstitutionally restrict rights to freedoms of speech and expression guaranteed by the First Amendment to the United States Constitution.

83. The Indian Arts and Crafts Act and its accompanying regulations are vague because they fail to define key terms and they fail to inform citizens of specific conduct and of references to Indians, Native Americans, and Indian tribes that would render them civilly or

criminally liable. Therefore, for these and other reasons, artistic speech and expression are chilled in violation of the First Amendment to the United States Constitution.

### Fifth Affirmative Defense: Failure to State a Claim

84. As to Paragraphs 8 through 38 and 62 of the Amended Complaint, and its Exhibits A-CC, FF and GG, Plaintiff fails to state a claim against Defendant CFC because Plaintiff does not identify products under the Indian Arts and Crafts Act.

85. In Paragraphs 8 through 38 and 62 of the Amended Complaint and its Exhibits A-CC, FF and GG, Plaintiff identifies Defendant CFC's air freshener products, each of which bears at least two federally registered, incontestable trademarks, indicating the source of origin of such products. Used in connection with federally registered trademarks, such air freshener products are not subject to 25 C.F.R. § 309.2.

86. The CFC air freshener products identified in Paragraphs 8 throught 38 and 62 of the Amended Complaint and its Exhibits A-CC, FF and GG are commercially manufactured products. They are neither arts and crafts products as defined by 25 C.F.R. § 309.2, nor are they otherwise covered by the Indian Arts and Crafts Act of 1990, as amended by the Indian Arts and Crafts Enforcement Act of 2000.

87. Therefore, for these and other reasons and as to Paragraphs 8 through 38 of Plaintiff's Amended Complaint and its Exhibits A-CC, FF and GG, Plaintiff fails to state a claim upon which relief may be granted, and the action against Defendant CFC must be dismissed.

### Sixth Affirmative Defense: Laches

88. Plaintiff's Amended Complaint is barred by the doctrine of laches.

89. In Paragraphs 8 through 38 and 62 of the Amended Complaint and its Exhibits A-CC, FF and GG, Plaintiff alleges that the products at issue were being sold as early as January

25, 2001. Upon information and belief, Plaintiff knew or should have known of such sales in 2001, but waited three years before filing its first Complaint against Defendants in order to maximize the amount of potential damages available under the Indian Arts and Crafts Act. To the detriment and prejudice of Defendants, from 2001 until filing the present action in 2004, Plaintiff never notified Defendants of its alleged rights or its belief that Defendants violated the Indian Arts and Crafts Act. Therefore, for these and other reasons, Plaintiff is barred under the equitable doctrine of laches from now asserting an action under the Indian Arts and Crafts Act.

**WHEREFORE**, Defendant asks the Court to enter an order:

(1) finding that Plaintiff lacks standing to bring suit under 25 U.S.C. § 305(e);

(2) finding that the Indian Arts and Crafts Act violates procedural due process guarantees of the U.S. Constitution;

(3) finding that the Indian Arts and Crafts Act violates substantive due process guarantees of the U.S. Constitution;

(4) finding that the Indian Arts and Crafts Act impermissibly restricts speech protected by the U.S. Constitution;

(5) as to the air freshener products identified in Paragraphs 8 through 38 and 62 of the Amended Complaint and its Exhibits A-CC, FF and GG, finding that Plaintiff has failed to state a claim upon which relief may be granted against Defendant CFC;

(6) finding that Plaintiff is barred by the doctrine of laches from bringing an action against Defendants pursuant to the Indian Arts and Crafts Act;

(7) dismissing Plaintiff's Amended Complaint with prejudice; and

(8) granting such further relief as the Court deems just and equitable.

WILLIAMS, MONTGOMERY & JOHN

*Summer E. Heil* (signature)

Defendant
Car-Freshner Corporation
d/b/a E. Davis International

Dated: May 20, 2004

Jeffrey H. Lipe (06185734)
Summer E. Heil (6226177)
Williams Montgomery & John Ltd.
Suite 2100
20 North Wacker Drive
Chicago IL 60606-3094
312-443-3266

Roberta S. Bren
Kyoko Imai
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314
703-413-3000

Doc ID - 656712

9

26470.00D6AW mm                    #412

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., ) | |
| ) | **DOCKETED** |
| Plaintiff, ) | |
| ) | MAY 2 1 2004 |
| v. ) | No. 04C 0277 |
| ) | Judge Hibbler |
| JEWEL FOOD STORES, INC. a/k/a JEWEL-OSCO) | Magistrate Judge Denlow |
| and E. DAVIS INTERNATIONAL, INC. ) | FILED |
| ) | MAY 20 2004 |
| Defendants. ) | MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT |

### NOTICE

**TO:** All Counsel of Record
See Attached Service List

PLEASE TAKE NOTICE that on the 20th day of May, 2004, there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, <u>Defendant Car-Freshner Corporation's Answer and Affirmative Defenses to Plaintiff's Amended Complaint</u>, a copy of which is attached hereto.

Jeffrey H. Lipe (6185734)
Summer E. Heil (6226177)
Beth B. Woods (6278739)
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Defendant Car-Freshner Corporation
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200

I certify that I served this Notice by mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U. S. Mail at 20 North Wacker Drive, Chicago, Illinois, on May 20, 2004, with proper postage prepaid.

_____
Summer E. Heil – Attorney at Law



26470.00D6S8/Doc ID - 656106
*Native American Arts, Inc. v.*
*E. Davis International, Inc., et al.*
Court No. 04C0277

## SERVICE LIST

### *Attorney for Plaintiff*
Michael P. Mullen, Esq.
Mullen & Foster
166 West Washington Street, #600
Chicago, IL 60602
Ph: (312) 750-1600
Fax: (312) 750-1651


### *Attorney for Jewel Food Stores, Inc.*
John T. Gabrielides, Esq.
Brinks Hofer Gilson & Lione
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Ph: (312) 321-4208
Fax: (312) 321-4299


### *Additional Attorneys for Car Freshner Corporation d/b/a E. Davis International*

Roberta S. Bren, Esq.
Kyoko Imai, Esq.
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314
Ph: (703) 413-3000
Fax: (703) 413-2220